# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DANIEL LAMONT WILLIAMS #398170, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-01812 |
| ) | Judge Sharp / Knowles |
| WARDEN WAYNE CARPENTER, et al., ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon two Motions to Dismiss: the first, filed by Defendant Messenger pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Docket No. 34); and the second, filed by Defendants Carpenter and Slayman pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies (Docket No. 40). Defendants Carpenter and Slayman have attached to their Motion the Affidavit of Michael Keathley with Exhibits (Docket No. 40-1), and both Motions are supported by Memoranda of Law. Docket Nos. 35, 41.

Plaintiff has filed a document entitled in part, "Now Come the Plaintiff Daniel L Williams Filing Motion to Keep Defendant Kristopher Messenger on this Civil Suit...," the body of which states in its entirety as follows:

    1.    Plaintiff request 30 day's [*sic*] to restate claim and relief on each defendant.

    2.    Plaintiff request a copy of original complaint.

    3.    Plaintiff request a latest copy of summary of docket sheet.

> 4. Plaintiff also request appointment of counsel due to the seriousness of this civil case. Also due to Plaintiff mental illness, and heavy medication he's on.

Docket No. 42.

As can be seen, Plaintiff's "... Motion to Keep Defendant Kristopher Messenger on this Civil Suit...," neither addresses Defendant Messenger nor responds to the pending Motion. Accordingly, the undersigned will not construe this "Motion" as a Response to Defendant Messenger's Motion to Dismiss for failure to state a claim.

Plaintiff has also filed a document entitled "Motion to Keep All Defendants on this Civil Case," which the undersigned will construe as a Response to Defendants' Chapman and Slayman Motion to Dismiss for failure to exhaust administrative remedies, and which states in full:

> Plaintiff Daniel L. Williams did file grievance, but never saw paperwork back. He exhausted the appropriate remedies. It is a known fact that inmates grievances have continuously come up missing. This is not the only case of dissappearing [*sic*] grievances and paperwork.

Docket No. 48.

Plaintiff, who at all times relevant to the case at bar was an inmate housed at Riverbend Maximum Security Institution ("RMSI"), filed this pro se, in forma pauperis action alleging that Defendants sprayed him with pepper spray, "talked verbally excessive to" him, did not allow him to shower and wash the pepper spray off, did not get him medical treatment for the asthma attack he had that was triggered by the pepper spray, and denied him mental health treatment. Docket No. 1. Plaintiff sues RMSI Warden Wayne Carpenter, Captain Andrew Heroux, Captain Kristopher Messenger, Nurse Michael Slayman, "Cert. Team Sergeant" f/k/u Hinkle, and "Cert. Team Officer" f/n/u Caldwell in their individual capacities and seeks $5,000 in compensatory

damages from each of the named Defendants, as well as recovery of costs and fees. *Id.*[1]

Defendant Messenger filed his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff's claim that Defendant Messenger operated the video camera that recorded the episode where Plaintiff was pepper sprayed fails to state a claim for relief upon which relief can be granted because operating a video camera in a prison is not a civil rights violation. Docket No. 35. Defendant Messenger contends that because his operating the video camera is the only allegation Plaintiff levies against him, Plaintiff's Complaint fails to state any factual allegations against him that can support a claim of a violation of Plaintiff's constitutional rights, such that Plaintiff's claims against him should be dismissed. *Id.*

As noted, Plaintiff's submission entitled "Now Come the Plaintiff Daniel L Williams Filing Motion to Keep Defendant Kristopher Messenger on this Civil Suit...," neither addresses Defendant Messenger nor responds to the pending Motion; accordingly, Plaintiff has failed to properly respond to Defendant Messenger's Motion.

Defendants Carpenter and Slayman filed their Motion to Dismiss pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), arguing that Plaintiff has failed to exhaust his administrative remedies as required. Docket Nos. 40, 41. In support of their argument that Plaintiff did not exhaust his administrative remedies, Defendants Carpenter and Slayman have attached to their Motion the Affidavit with Exhibits of RMSI Grievance Chairperson Michael Keathley, which states in pertinent part:

> 3. A true and accurate copy of the TOMIS computer printout of Mr. Williams' filed grievances from 10/08/2013 to

---

[1] Defendants Heroux, Hinkle, and Caldwell have not been served. *See* Docket Nos. 15, 16, and 19 (all 3 summons' returned unexecuted on January 20, 2015).

3

> 1/27/2015 is attached hereto;
>
> 4. Inmate Daniel Lamont Williams #398170 filed two grievances when housed at RMSI, one was on June 18, 2014 (which precedes the date of the incident set forth in Mr. Williams' complaint);
>
> 5. Mr. Williams' second grievance at RMSI was filed on August 22, 2014; the grievance concerned an alleged assault by an inmate on the rec yard; it was not about the alleged use of force and lack of medical care on July 28, 2014 set forth in Mr. Williams' federal lawsuit.
>
> 6. A true and accurate copy of Mr. Williams' August 22, 2014 grievance is attached hereto;
>
> 7. Mr. Williams did not file a grievance regarding the alleged July 28, 2014 incident set forth in his federal lawsuit.

Docket No. 40-1.

As recounted above, Plaintiff has filed a Response asserting that he did "file grievance, but never saw paperwork back." Docket No. 48. He argues that he exhausted the appropriate remedies and that "inmates grievances have continuously come up missing." *Id.*

For the reasons discussed below, the undersigned recommends that the instant Motions be GRANTED and that Plaintiff's claims against Defendants Messenger, Carpenter, and Slayman be DISMISSED.[2]

## II. Factual Allegations of Plaintiff's Complaint

The allegations of Plaintiff's Complaint, in their entirety, are as follows:

> I was sprayed with pepper spray, talked verbally excessive to, And was refused/denied medical treatment. It was hard to breath and

---

[2] As noted, the summons' issued to Defendants Heroux, Hinkle, and Caldwell were returned unexecuted on January 20, 2015. Docket Nos. 15, 16, and 19. To date, Defendants Heroux, Hinkle, and Caldwell have not been served.

4

> ignited an astma [*sic*] attack due to being sprayed, because of going thru a serious mental Illness need. Thru a door, I was told to shut up repeatedly by Captain Heroux, while SGT Messenger recorded it with the video camra [*sic*], all done with the order of Captain Heroux, who got the order from Warden Wayne Carpenter. Captain Heroux radiod [*sic*] for Nurse Michael Slayman to access me [*sic*] and attend to my medical needs, but he never came. I was not allowed to shower and wash spray off, and I was denied mental Health treatment.

Docket No. 1.

### III. Analysis

**A. Fed. R. Civ. P. 12b(6) - Motions to Dismiss**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

5

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

### B. Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e

A prisoner must exhaust all available administrative remedies before filing a claim under §1983 or any other federal law. 42 U.S.C. §1997e(a). *See also, e.g., Jones v. Bock*, 549 U.S. 199, 216 (2007); *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011)*; Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). The Prison Litigation Reform Act of 1995 provides in pertinent part as follows:

> (a) **Applicability of Administrative Remedies**. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis original).

Additionally, the filing of an initial grievance is not sufficient to satisfy the requirements

6

of § 1997e(a). Rather, the PLRA exhaustion of prison administrative remedies requires a prisoner to pursue his prison grievance through the final level of administrative appeal. *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). In *Hartsfield*, the Sixth Circuit explicitly stated:

> Even if Plaintiff did file an initial grievance against [defendants], he was required to continue to the next step in the grievance process . . . . We have previously held that an inmate cannot simply . . . abandon the process before the completion and claim that he has exhausted his remedies. . .

Failure to exhaust administrative remedies is an affirmative defense under the PRLA. *Jones*, 549 U.S. at 216. The burden of proving that a prisoner failed to exhaust his administrative remedies falls on defendant. *Napier,* 636 F.3d at 222. When a defendant shows that a plaintiff has not "exhausted all available state administrative remedies," the only remaining question is whether Plaintiff's claims have been brought with respect to "prison conditions" as that term is used in 42 U.S.C. § 1997e(a).

The Sixth Circuit discussed the meaning of the term "prison conditions" as used in 42 U.S.C. § 1997e(a) in *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999). In *Freeman*, Plaintiff inmate brought a lawsuit against prison officials claiming that they had used excessive force against him. The lower court had dismissed his complaint for failure to exhaust administrative remedies. On appeal, Plaintiff argued in part that he was not required to exhaust his administrative remedies because his excessive force claim did not involve a "prison condition" within the meaning of § 1997e(a). The *Freeman* Court stated in part as follows:

> The phrase "action . . . with respect to prison conditions" is not defined in § 1997e. Because the question is one of statutory construction, we must first look to the plain language of the statute.

> Defendants argue that the term "prison conditions" as used in 18 U.S.C. § 3626(g)(2), which was amended as part of the same legislation as § 1997e, does include claims such as excessive force because it expressly includes "effects of actions of government officials on the lives of confined persons" as well as "conditions of confinement" in defining "prison conditions." . . . It is generally recognized that when Congress uses the same language in two different places in the same statute, the words are usually read to mean the same thing in both places. . . .
>
> Moreover, reading the term "prison conditions" to include claims of excessive force finds support in the purpose and legislative history of the Act. The Act was passed to reduce frivolous prisoner lawsuits and to reduce the intervention of federal courts into the management of the nation's prison systems. A broad exhaustion requirement that includes excessive force claims effectuates this purpose and maximizes the benefits of requiring prisoners to use prison grievance procedures before coming to federal court. Prisons need to know about and address claims of excessive force as they would any other claim concerning prison life so that steps may be taken to stop problems immediately if they exist.

196 F.3d at 643-644 (footnote omitted).

The U. S. Supreme Court has also held that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *See Porter v. Nussle*, 534 U.S. 516, 520, 122 S.Ct. 983, 986 (2002). As the *Porter* Court stated:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. . . . In other instances, the internal review might "filter out some frivolous claims." . . . And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.
>
> . . .

> For the reasons stated, we hold that the PLRAs exhaustion
> requirement applies to all inmate suits about prison life, whether they
> involve general circumstances or particular episodes, and whether
> they allege excessive force or some other wrong.

122 S.Ct. at 988, 992 (citations omitted, emphasis added).

**C. The Case at Bar**

**1. Defendant Messenger's Motion to Dismiss for Failure to State a Claim filed Pursuant to Fed. R. Civ. P. 12(b)(6)**

As recounted above, Plaintiff's sole averment against Defendant Messenger is that he operated the video camera that recorded the pepper spray incident. *See* Docket No. 1. Taking this allegation as true, as the undersigned must do when considering a Motion to Dismiss brought pursuant Fed. R. Civ. P. 12(b)(6), operating the video camera that records an incident in a prison is not a constitutional violation, nor is it grounds for "recovery under some viable legal theory." Accordingly, Plaintiff has failed to state a claim against Defendant Messenger for which relief can be granted, and Defendant Messenger's Motion to Dismiss should be GRANTED.

**2. Defendants' Chapman and Slayman's Motion to Dismiss for Failure to Exhaust Administrative Remedies Under the PLRA**

As an initial matter, under the reasoning of *Porter* and *Freeman*, Plaintiff's claims in the case at bar fall within the meaning of the term "prison conditions" as used in §1997e(a). He is, therefore, required to exhaust his administrative remedies as set forth in the PLRA.

Plaintiff, in his Complaint, makes no averments that he filed grievances regarding the pepper spray incident that serves as the basis for the instant action. Defendants Chapman and Slayman have raised Plaintiff's failure to exhaust his administrative remedies as an affirmative defense, and have submitted the Affidavit of RMSI Grievance Chairperson Michael Keathley,

which establishes that Plaintiff filed two grievances between October 8, 2013 and January 27, 2015: the first, on June 18, 2014 (before the pepper spray incident of July 28, 2014); and the second, on August 22, 2014. Docket No. 40-1, ¶¶ 3-5. Grievance Chairperson Keathley's Affidavit also establishes that Plaintiff's August 22, 2014 grievance was unrelated to the pepper spray incident, and that Plaintiff did not file a grievance regarding that incident. *Id.*, ¶¶ 5-7. Plaintiff, in his unverified Response, contends that he filed a grievance, but "never saw paperwork back." Docket No. 48. Plaintiff does not, however, contend that he filed a grievance concerning the pepper spray incident in question. As discussed, Plaintiff's TOMIS records establish that he did, in fact, file two grievances, but that neither grievance was related to the incident in question.[3] Accordingly, Plaintiff has failed to exhaust his administrative remedies, as required by the PLRA, and his claims should be DISMISSED.

## IV. Conclusion

For the reasons discussed above, Plaintiff has failed to exhaust his administrative remedies as required by the PLRA and Plaintiff has failed to state a claim upon which relief can be granted against Defendant Messenger in his individual capacity. Accordingly, the undersigned recommends that the instant Motions (Docket Nos. 34, 40) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

---

[3] Additionally, the filing of an initial grievance is not sufficient to satisfy the requirements of § 1997e(a). Rather, the PLRA exhaustion of prison administrative remedies requires a prisoner to pursue his prison grievance through the final level of administrative appeal. *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999).

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge